T.C. Memo. 1996-404

UNITED STATES TAX COURT

LEONARD A. GROSS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24370-95.                    Filed August 28, 1996.

Leonard A. Gross, pro se.

<u>James P. Thurston</u>, for respondent.

MEMORANDUM OPINION

GERBER, <u>Judge</u>:  Respondent moved for partial summary
judgment on the question of whether we have jurisdiction over
petitioner's 1991 tax year.  Respondent, in the notice of
deficiency in this case, mailed August 21, 1995 (August notice),

determined section 4975[1] excise tax deficiencies and section 6651 additions to tax for failure to file excise tax returns for the taxable years 1991, 1992, 1993, and 1994. About 6 months prior to mailing the August notice, respondent issued a notice of deficiency for petitioner's 1991 taxable year. The prior notice, mailed on February 6, 1995 (February notice), contained a determination of an income tax deficiency and accuracy-related penalty under section 6662 for petitioner's 1991 tax year. Petitioner questioned the validity of the August notice in his petition filed in this case. The excise tax and income tax deficiencies both arise from certain transactions involving petitioner's pension plan; i.e., transfers deemed by respondent to be taxable distributions of income to petitioner and to be prohibited transactions to which an excise tax is applicable.[2]

Rule 121(b) provides that a motion for summary judgment shall be granted if the pleadings show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.[3] Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there

---

[1] Section references are to the Internal Revenue Code as amended and in effect for the period under consideration. Rule references are to this Court's Rules of Practice and Procedure.

[2] This case and the case petitioned from the February notice have been consolidated for purposes of trial, briefing, and opinion.

[3] Petitioner, although given time to respond to respondent's partial summary judgment motion, failed to do so.

is no genuine issue of material fact. <u>Marshall v. Commissioner</u>, 85 T.C. 267, 271 (1985); <u>Naftel v. Commissioner</u>, <u>supra</u> at 529. The facts are viewed in a light most favorable to the nonmoving party. <u>Jacklin v. Commissioner</u>, 79 T.C. 340, 344 (1982). The facts necessary to consider the question presented are contained in pleadings and other documents in the record, and are not controverted.

We must consider whether respondent was entitled to mail petitioner a second notice of deficiency concerning petitioner's 1991 taxable year. If respondent was not entitled to do so, then the August notice would not be valid as to petitioner's 1991 tax year, and this Court would not possess jurisdiction over the 1991 excise tax deficiency. Sec. 6213; <u>Stamm Intl. Corp. v. Commissioner</u>, 84 T.C. 248, 252 (1985). Questions of jurisdiction must be decided whenever it appears that we may not have jurisdiction. <u>Wheeler's Peachtree Pharmacy, Inc. v. Commissioner</u>, 35 T.C. 177, 179 (1960).

Section 6212, in pertinent part, provides that if the Commissioner "mailed to the taxpayer a notice of deficiency as provided in subsection (a), and the taxpayer files a petition with the Tax Court * * * the * * * [Commissioner] shall have no right to determine any additional deficiency * * * of chapter 43 tax for the same taxable year". We have interpreted the prohibition in section 6212 as not applying to deficiencies based on two different taxes based on two separate returns. <u>S-K</u>

Liquidating Co. v. Commissioner, 64 T.C. 713, 716 (1975) (involving corporate income tax and withholding tax where the same corporation was the withholding agent); Rowan Cotton Mills Co. v. Commissioner, 1 T.C. 865 (1943) (income, excess profits, and unjust enrichment tax), affd. on this issue 140 F.2d 277 (4th Cir. 1944); Towe v. Commissioner, T.C. Memo. 1992-689 (income tax and gift tax); see also Michael v. Commissioner, 75 F.2d 966, 969 (2d Cir. 1935) (transferee liability of a corporation and individual income tax), affg. 22 B.T.A. 639 (1931). The purpose of section 6212(c) is "to prevent repetitious litigation with respect to the same tax for the same year." S-K Liquidating Co. v. Commissioner, supra at 718.

In this case, the notices of deficiency each concern a different type of tax liability, which would emanate from different returns, and concern taxable periods that are defined differently. Although the income tax and excise tax deficiencies are based on the same underlying factual premise (transfers to petitioner from his pension plan), they are distinct. The issuance of notices of deficiency by respondent is governed by section 6212(c)(1). That statutory provision restricts respondent from determining an additional deficiency, in income tax or of chapter 43 tax, for the same taxable year. Respondent determined an income tax deficiency for 1991 in the February notice and an excise tax deficiency for 1991 in the August notice. Respondent did not determine an additional deficiency

for 1991 in either the income or excise tax.  The second notice for 1991 was, therefore, not prohibited under section 6212.

Liability for section 4975 excise tax is reported on Form 5330, whereas liability for individual income tax is reported on Form 1040 or some variation thereof.  Income tax, with certain exceptions not pertinent here, is generally reported on an annual calendar or fiscal year basis.  A report on Form 5330 is required for each taxable year of the disqualified person that a prohibited transaction exists in the "taxable period" as defined in section 4975(f)(2).  Sec. 54.6011-1(b), Pension Excise Tax Regs.  Section 4975(f)(2) defines the term "taxable period" as the period beginning with the date on which the prohibited transaction occurs and ending on the earliest of the date of mailing the notice of deficiency, the date of assessment, or the date on which the prohibited transaction is corrected. Accordingly, although income and excise tax returns are both filed annually, the taxable period for excise tax is variable and generally unlike the period for income tax purposes.

Finally, the income tax and the excise tax attributable to prohibited transactions are imposed for inherently different purposes.  In view of the foregoing, we find that respondent was not prohibited from issuing a notice of deficiency determining that petitioner is liable for excise tax under section 4975 for 1991, even though petitioner had already received a notice of deficiency determining that he was liable for an income tax

deficiency for 1991. Because respondent was not prohibited from issuing the notice of deficiency in this case and petitioner timely petitioned for a redetermination, we have jurisdiction to consider and resolve the parties' controversy for all years, including 1991.[4]

To reflect the foregoing,

An order will be issued

granting respondent's motion for

partial summary judgment.

---

[4] In the consolidated case filed in response to the February notice, respondent moved to amend the answer to allege that the 1991 excise tax be considered along with the 1991 income tax deficiency in that case. Respondent, it appears, moved to include the excise tax in the consolidated case if the partial summary judgment motion was unsuccessful. Due to the granting of respondent's partial summary judgment motion, respondent's motion to amend the answer in the consolidated case will be denied.